UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, a California corporation, | ) ) ) | Case No. 12-CV-1061 BTM (JMA) |
| Plaintiff, | ) ) ) | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(F) CONFERENCE** |
| v. | ) ) | |
| JOHN DOES 1 through 11, | ) ) | **[Doc. No. 4]** |
| Defendants. | ) ) ) | |

Before the Court is Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference ("the Motion").  Doc. No. 4.  After reviewing the Motion and accompanying Memorandum of Points and Authorities, the Court finds the Motion suitable for resolution on the papers pursuant to Civil Local Rule 7.1(d)(1).  See S.D. Cal. Civ. R. 7.1(d)(1).  For the reasons discussed below, the Motion is **GRANTED**.

**I.      PROCEDURAL HISTORY**

Plaintiff Malibu Media, LLC ("Plaintiff") filed the Complaint on April 30, 2012 against eleven John Does ("Defendants").  Doc. No. 1.  Plaintiff purports to be the registered owner of United States Copyright Registration Number PA0001778844 for the motion picture entitled "Like the First Time."  Id. at 2.  The Complaint alleges Defendants engaged in direct and contributory copyright infringement of the protected work.  Id. at 10-11.  According to Plaintiff, the Defendants distributed, displayed and

shared the protected work through BitTorrent technology without Plaintiff's authorization.  Id. at 7-10.  Plaintiff claims to have identified the Internet Protocol ("IP") addresses of the Defendants involved in the infringing activity and, using publicly available search tools, has traced the IP addresses to physical addresses within this District as well as the Internet Service Provider ("ISP") which leased the involved IP addresses to subscribers.  Id. at 7; Motion, Ex. B.

Plaintiff filed the Motion on the same day it filed the Complaint to learn the identities of the Defendants from their ISP.  Motion at 2.  Specifically, Plaintiff seeks leave of court to serve Rule 45 subpoenas on the ISP to discover the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of each Defendant.  Id.

## II.   LEGAL STANDARDS

Generally, discovery is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  Yet, "in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."  Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  Courts grant these requests when the moving party shows good cause for the early discovery.  Semitool, Inc. v. Tokyo Elec. Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

The Ninth Circuit has held that when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  Gillespie, 629 F.2d at 642.  A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion.  Columbia Ins. Co., 185 F.R.D. at 578.

District courts apply a three-factor test when considering motions for early

12cv1061

discovery to identify certain defendants.  Id. at 578-80.  First, the plaintiff should "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court."  Id. at 578. Second, the movant must describe "all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant.  Id. at 579.  Third, the plaintiff should establish that its suit against the defendant could withstand a motion to dismiss.  Id.  "[T]o prevent abuse of this extraordinary application of the discovery process and to ensure that the plaintiff has standing," the plaintiff must show that some act giving rise to liability actually occurred and that the discovery is aimed at identifying the person who actually committed the act.  Id. at 579-80.

### III.   DISCUSSION

Plaintiff seeks an order permitting it to subpoena the Defendants' ISP in order to learn their true identities and serve them with the Complaint.  Specifically, Plaintiff seeks to subpoena Cox Communications to identify the subscribers of the assigned IP addresses provided by Plaintiff's forensic investigative service, IPP, Limited.  See Fieser Decl. in Support of Plaintiff's Motion ("Fieser Decl."), Doc. No. 4-3, Ex. B (referred to as "Exhibit B" herein).  All eleven of the IP addresses Plaintiff lists in Exhibit B are purportedly located in Southern California and all of the Defendants appear to be located within the Southern District of California.  Id.

### A.   Identification of Missing Parties with Sufficient Specificity

First, Plaintiff must identify the Defendants with enough specificity to enable the Court to determine that the defendant is a real person or entity who would be subject to the jurisdiction of this Court.  Columbia Ins. Co., 185 F.R.D. at 578.  In the Motion, Plaintiff asserts it properly pleads a cause of action for copyright infringement against each Doe Defendant, that there is no other way to obtain Defendants' true identities because only the ISP can correlate the IP address used by one of its subscribers to a real person, and without learning Defendants' true identities, Plaintiff will not be able to

serve them with process and proceed with this case.  Motion at 4-7.

Some district courts in the Ninth Circuit have determined that a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP address assigned to an individual defendant on the day of the allegedly infringing conduct, and by using "geolocation technology" to trace the IP address to a physical point of origin.  See Openmind Solutions, Inc. v. Does 1-39, No. C-11-33-11 MEJ, 2011 U.S. Dist. LEXIS 116552, at *5-6 (N.D. Cal. Oct. 7, 2011); Pink Lotus Entm't v. Does 1-46, No. C-11-02263 HRL, 2011 U.S. Dist. LEXIS 65614, at *6-7 (N.D. Cal. June 21, 2011).  Others have found that merely identifying the IP addresses assigned to the defendants on the day of the purported infringement is sufficient to satisfy the first factor.  See MCIP, LLC v. Does 1-149, No. C-11-02331 LB, 2011 U.S. Dist. LEXIS 85363, at *4-5 (N.D. Cal. Aug. 15, 2011); First Time Videos, LLC v. Does 1-37, No. C-11-01675 LB, 2011 U.S. Dist. LEXIS 42376, at *5 (N.D. Cal. April 14, 2011).

This Court, like other courts in this district, finds the former standard persuasive. See, e.g., 808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash, No. 12-CV-0186 MMA (RBB), 2012 U.S. Dist. LEXIS 62980, at *10-11 (S.D. Cal. May 8, 2012).  In this case, Plaintiff provided the Court with a chart listing the unique IP address corresponding to each Defendant that allegedly copied a piece of Plaintiff's copyrighted work as identified by the unique hash number, as well as the city and state where each IP address is located.  Fieser Decl., Ex. B.  The dates of the allegedly infringing activity by Defendants are also listed on Exhibit B.  Id.  Consequently, Plaintiff has identified the Doe Defendants with sufficient specificity and has satisfied the first factor of the test for permitting early discovery.

## B.   Previous Attempts to Locate Defendants

Next, Plaintiff must identify all previous steps taken to identify the Doe Defendants in a good faith effort to locate and serve them.  See Columbia Ins. Co., 185 F.R.D. at 579.  In the Motion, Plaintiff states that "there is no other way to obtain Defendants' identities, except by serving a subpoena on Defendants' ISPs."  Motion at

12cv1061

4.  Plaintiff hired a forensic investigation service, IPP, Limited, to identify the IP addresses that were allegedly used by Defendants to reproduce, distribute, display or perform Plaintiff's copyrighted works.  Compl. at 7-8; Motion at 4-5.  According to Fieser, Plaintiff's forensic investigator, "[o]nly the ISP to whom a particular IP address has been assigned for use by its subscriber can correlate the IP address to a real person, the subscriber of the internet service."  Fieser Decl., ¶ 8.  Accordingly, Plaintiff appears to have investigated and obtained the data pertaining to the alleged infringements in a good faith effort to locate each Doe Defendant.  See Digital Sin, Inc. v. Does 1-5698, No. C-11-04397 LB, 2011 U.S. Dist. LEXIS 128033, at *5 (N.D. Cal. Nov. 4, 2011); Openmind Solutions, 2011 U.S. Dist. LEXIS 116552, at *7-8; Pink Lotus Entm't, 2011 U.S. Dist. LEXIS 65614, at *5; MCGIP, 2011 U.S. Dist. LEXIS 85363, at *5.

**C.    Ability to Withstand a Motion to Dismiss**

Lastly, to be entitled to early discovery, Plaintiff must demonstrate that the Complaint can withstand a motion to dismiss.  See Columbia Ins. Co., 185 F.R.D. at 579.

1.    Ability to State a Claim Upon Which Relief Can Be Granted

Plaintiff alleges that it is the owner of the copyright for the work at issue, a motion picture entitled "Like the First Time," and that by using the BitTorrent protocol and process described, each Defendant copied a piece of Plaintiff's copyrighted work identified by the unique hash number.  Compl. at 3-7.  The Court finds Plaintiff has alleged a prima facie case of direct and contributory infringement against the Doe defendants.

2.    Personal Jurisdiction

Plaintiff bears the burden of establishing jurisdictional facts.  See Columbia Ins. Co., 185 F.R.D. at 578.  In the Motion, Plaintiff does not explicitly discuss whether this Court has personal jurisdiction over the Defendants.  However, according to Exhibit B, each computer allegedly used to access Plaintiff's copyrighted work is located in this

12cv1061

District.  Fieser Decl., Ex. B.  Plaintiff further alleges that each of the Defendants' acts of copyright infringement occurred using an IP address traced to a physical address located in California, that each Defendant resides in California, and/or that each Defendant has "engaged in continuous and systematic business activity" in California. Compl. at 2.

Accordingly, it appears Plaintiff has alleged sufficient facts to show it can likely withstand a motion to dismiss for lack of personal jurisdiction, because all of the Doe Defendants have an IP address that, in some manner, was traced to a location in this District.  See 808 Holdings, 2012 U.S. Dist. LEXIS 62980, at *11.

3.    Venue

Plaintiff alleges that venue in this District is proper as to all Defendants under 28 U.S.C. §§ 1391(b) and (c) and 1400(a).  Compl., ¶ 5.  "The venue of suits for infringement of copyright is not determined by the general provision governing suits for the federal district courts, rather by the venue provision of the Copyright Act."  Goldberg v. Cameron, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. 2007).  Civil actions for copyright infringement "may be instituted in the district in which defendant or his agent resides or may be found."  28 U.S.C.A. § 1400(1) (West 2006).  An individual "resides" for venue purposes in the district of his domicile.  17 James Wm. Moore, et al., Moore's Federal Practice, § 110.39[2], at 110-76 (3d ed. 2011).  A defendant is "found" for venue purposes where he is subject to personal jurisdiction.  Id.  (footnote omitted); see also Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1126 (9th Cir. 2010) ("This circuit interprets [28 U.S.C. § 1400(a)] to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction.").

Plaintiff fails to address venue in the Motion.  In the Complaint, however, Plaintiff alleges venue is proper because although the true identities of the Defendants are unknown, each Defendant may be found in this District, and a substantial part of the infringing acts complained of occurred in this District.  Compl. at 2.  All eleven

Defendants appear to have IP addresses in this District.  Fieser Decl., Ex. B.  Thus, venue appears to be proper.

Accordingly, Plaintiff's Complaint can likely survive a motion to dismiss.

**IV.    CONCLUSION**

For the reasons set forth above, it is hereby ordered that Plaintiff's Motion is **GRANTED** as follows:

1.    Plaintiff may serve subpoenas under Fed.R.Civ.P. 45 upon Cox Communications for the sole purpose of obtaining the names and addresses of subscribers using the eleven IP addresses identified in Exhibit B to the Fieser Declaration attached to the Motion at the precise dates and times identified therein. Cox Communications shall have fourteen (14) calendar days after service of the subpoena upon it to notify its subscriber that his/her identity has been subpoenaed by Plaintiff.  The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge the disclosure to Plaintiff by filing an appropriate pleading with this Court contesting the subpoena.  If Cox Communications intends to move to quash the subpoena, it must do so prior to the return date of the subpoena.  The return date of the subpoena must allow for at least forty-five (45) days from service to production.  If a motion to quash or other customer challenge is brought, Cox Communications must preserve the information sought by Plaintiff pending resolution of the motion or challenge.

2.    Plaintiff may use the information disclosed pursuant to these subpoenas only in pursuing this litigation.

3.    Plaintiff shall serve a copy of this order with any subpoena served upon Cox Communications pursuant to this Order.  Cox Communications, in turn, must provide a copy of this Order along with the required notice to any subscriber whose

//

//

//

12cv1061

1  identity is sought pursuant to this Order.

2       **IT IS SO ORDERED.**

3  DATED: July 17, 2012

4  _____
   Jan M. Adler

5  U.S. Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12cv1061